FILED
HARRISBURG, PA
JUN 1 8 2025
PER _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIM. NO. 1:25-CR- 165 |
| v. | : |
| | : (Judge MANNION) |
| LARRY L. GROVE JR., | : |
| Defendant. | : |

# INDICTMENT

THE GRAND JURY CHARGES:

### COUNT 1
### 21 U.S.C. §841(a)(1)
### (Distribution of Methamphetamine)

On or about December 6, 2024, in Juniata County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,

**LARRY L. GROVE JR.,**

did knowingly, intentionally, and unlawfully distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

THE GRAND JURY FURTHER CHARGES:

## COUNT 2
21 U.S.C. §841(a)(1)
(Distribution of Methamphetamine)

On or about December 19, 2024, in Juniata County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,

**LARRY L. GROVE JR.,**

did knowingly, intentionally, and unlawfully distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

THE GRAND JURY FURTHER CHARGES:

## COUNT 3
21 U.S.C. §841(a)(1)
(Distribution of Methamphetamine)

On or about January 17, 2025, in Juniata County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,

**LARRY L. GROVE JR.,**

did knowingly, intentionally, and unlawfully distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

THE GRAND JURY FURTHER CHARGES:

### COUNT 4
21 U.S.C. §841(a)(1)
(Distribution of Cocaine)

On or about March 18, 2025, in Juniata County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,

**LARRY L. GROVE JR.,**

did knowingly, intentionally, and unlawfully distribute cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

THE GRAND JURY FURTHER CHARGES:

## COUNT 5
21 U.S.C. §841(a)(1)
(Distribution of Cocaine)

On or about April 1, 2025, in Juniata County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,

**LARRY L. GROVE JR.,**

did knowingly, intentionally, and unlawfully distribute cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

THE GRAND JURY FURTHER CHARGES:

## COUNT 6
21 U.S.C. §841(a)(1)
(Distribution of Cocaine)

On or about May 6, 2025, in Juniata County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,

**LARRY L. GROVE JR.,**

did knowingly, intentionally, and unlawfully distribute cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT 7</u>
21 U.S.C. §841(a)(1)
(Possession With Intent to Distribute Cocaine)

On or about May 20, 2025, in Juniata County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,

**LARRY L. GROVE JR.,**

did knowingly, intentionally, and unlawfully possess with intent to distribute 500 grams and more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance, and marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B), and (b)(1)(C).

THE GRAND JURY FURTHER CHARGES:

## COUNT 8
18 U.S.C. § 922(g)(1)
(Possession of Firearm by Prohibited Person)

On or about May 20, 2025, in Juniata County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,

**LARRY L. GROVE JR.,**

knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess firearms, that is a:

a. a Hatfield Gun Company, model SGL 12 gauge shotgun with serial number 12S20000181;

b. a Marlin, model 30AS .30-30 rifle with serial number 0902595;

c. a Marlin, model 336 .30-30 rifle with serial number 7136886;

d. a Rossi, M62 .22 Caliber rifle with serial number G377106; and,

e. a Remington, model 760 rifle with serial number 7449040,

said firearms having been shipped and transported in interstate and foreign commerce.

In violation of Title 18 United States Code, Sections 922(g)(1) and 924(a)(8).

6

## FORFEITURE ALLEGATION

The allegations contained in Counts 1 through 8 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d); and Title 28, United States Code, Section 2461(c).

Pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d); and Title 28, United States Code, Section 2461(c), upon conviction of the offenses in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 922(g)(1), the defendant,

**LARRY L. GROVE JR.,**

shall forfeit to the United States of America, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d); and Title 28, United States Code, Section 2461(c) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses. The property to be forfeited includes, but is not limited to, the following:

a. approximately $55,443.00 in U.S. currency;

b. a Hatfield Gun Company, model SGL 12 gauge shotgun with serial number 12S20000181;

c. a Marlin, model 30AS .30-30 rifle with serial number 0902595;

d. a Marlin, model 336 .30-30 rifle with serial number 7136886;

e. a Rossi, M62 .22 Caliber rifle with serial number G377106;

f. a Remington, model 760 rifle with serial number 7449040; and,

g. any associated ammunition and magazines.

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or,

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853, Title 18,

8

United States Code, Section 924(d); and Title 28, United States Code, Section 2461(c).

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

JOHN C. GURGANUS
Acting United States Attorney

FOREPERSON

STEPHEN W. DUKES
Assistant United States Attorney

6/18/2025

Date

9